1

2

3

4

5

6

7              IN THE UNITED STATES DISTRICT COURT

8

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                                    No. C 08-04860 CW
MICHAEL PAULICK,
11                                    ORDER DENYING
          Plaintiff,                  DEFENDANTS' MOTION
12                                    TO DISMISS

13      v.

14 BAVARIAN LION VINEYARD DEVELOPMENT,
   LLC, et al.,

15        Defendants.
   _____/
16

17      Defendants move to dismiss Plaintiff's state law claims,

18 arguing that the Court should exercise its discretion not to take

19 supplemental jurisdiction over them.  Plaintiff opposes the motion.

20 Having considered all of the papers filed by the parties, the Court

21 DENIES Defendants' motion.

22                            BACKGROUND

23      According to the complaint, Plaintiff Paulick is a "person

24 with a disability" or "physically handicapped person," as defined

25 by all applicable statutes.  Plaintiff is mobility impaired,

26 requires the use of mobility assistive devices, and is unable to

27 use portions of public facilities which are not accessible to

28 physically disabled persons who are mobility impaired.  Defendants

**United States District Court**
For the Northern District of California

are the owners and operators of the "Resort at Squaw Creek,"
located at 400 Squaw Creek Road, Olympic Valley, California.

This case involves claims for relief based on alleged
violations of the Americans with Disabilities Act of 1990 (ADA) and
three provisions of California state law: California Civil Code
§ 54 (California Disabled Persons Act), California Civil Code § 51
(Unruh Act), and California Health and Safety Code § 19955(a).

DISCUSSION

I. Timeliness of Motions

Plaintiff argues that the Court should deny Defendants' motion
to dismiss because their answer was filed late.  However, it is
contrary to the spirit of the Federal Rules of Civil Procedure to
avoid a decision on the merits on the basis of mere technicalities.
Foman v. Davis, 371 U.S. 178, 181 (1962).  The Court will consider
Defendants' motion to dismiss.

II. Original Jurisdiction

Plaintiff argues that the Court has original jurisdiction over
his state law claims because violation of federal law is an element
of two of the three state law claims plead, and that if the Court
has original jurisdiction over his state law claims, the motion to
dismiss for lack of supplemental jurisdiction is moot.

Pursuant to 28 U.S.C. § 1331, federal courts "have original
jurisdiction [over] all civil actions arising under the
Constitution, laws, or treaties of the United States."  A case may
arise under federal law where "it appears that some substantial,
disputed question of federal law is a necessary element of one of
the well-pleaded state claims."  Franchise Tax Bd. of Cal. v.
Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983).

United States District Court
For the Northern District of California

Nonetheless, the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharmaceuticals Inc. v. Thomas, 478 U.S. 804, 813 (1986). Rather, courts should approach the issue of federal question jurisdiction as one requiring "sensitive judgments about congressional intent, judicial power, and the federal question." Id. at 810. Thus, courts look both to congressional intent and the nature of the federal interest at stake when determining the propriety of federal question jurisdiction. Id.

The Ninth Circuit's decision in Wander v. Kaus, 304 F.3d 856 (9th Cir. 2002), is controlling on this point. In Wander, the plaintiff alleged that the defendants discriminated against disabled persons in violation of the ADA and the California Disabled Persons Act because of certain structural barriers at the defendants' store. Id. at 857. The plaintiff's ADA claim became moot when the owners transferred their ownership interest, leaving only the plaintiff's state law claims. Id. After reviewing the legislative history, the Ninth Circuit held that "the presence of a claimed violation of the [ADA] as an element of a state cause of action is insufficiently substantial to confer federal question jurisdiction." Id. (citing Merrell Dow, 478 U.S. at 813). Based on this finding, the Ninth Circuit affirmed the district court's finding that it did not have federal question jurisdiction and its discretionary decision not to exercise supplemental jurisdiction, dismissing the remaining state law claims. Id.

Here, Plaintiff's state law claims under California's Unruh Act and the Disabled Persons Act each incorporate federal ADA law, in that a violation of the ADA constitutes a violation of

California's Unruh Act and Disabled Persons Act.  See Cal. Civ. Code § 51(f) ("A violation of the right of any individual under the [ADA] shall also constitute a violation of this section"); id. § 54(c) ("A violation of the right of an individual under the [ADA] also constitutes a violation of this section").  However, under Wander, the fact that a violation of the ADA is an element of a state cause of action is not sufficient to confer federal question jurisdiction.

Accordingly, the Court does not have original jurisdiction over Plaintiff's state law claims.

III.  Supplemental Jurisdiction

Defendants argue that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims because of inconsistency between state and federal courts as to whether a plaintiff must prove intentional discrimination to collect damages under the Unruh Act.

Where a federal court has original jurisdiction over a claim, the court may exercise supplemental jurisdiction over state law claims that are transactionally related to the federal claim.  See 28 U.S.C. § 1367.  Section 1367(a) provides in pertinent part:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

In United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966), the Supreme Court found that as long as (1) the federal claim providing original jurisdiction has "substance sufficient to confer subject

**United States District Court**
For the Northern District of California

matter jurisdiction on the court," (2) the state and federal claims "derive from a common nucleus of operative facts," and (3) the plaintiff's claims "are such that he would ordinarily be expected to try them all in one judicial proceeding," a federal court may legitimately exercise supplemental jurisdiction.

However, where "novel or complex" issues of state law exist, where the state law claims "substantially predominate" over the federal law claims, where the district court has dismissed the claims on which it based its original jurisdiction, or in other "exceptional circumstances," the court may decline to exercise supplemental jurisdiction.  28 U.S.C. § 1367(c).  Additionally, "economy, convenience, fairness and comity" should be considered in an analysis of supplemental jurisdiction.  Executive Software v. United States District Court, 24 F.3d 1545, 1556-57 (9th Cir. 1994).

In 1991, the California Supreme Court held that the Unruh Act requires proof of intentional discrimination before a plaintiff may recover damages.  Harris v. Capital Growth Investors XIV, 52 Cal. 3d 1142, 1175 (1991).  Subsequently, however, the Ninth Circuit, found that amendments to the Unruh Act in 1992 superseded the California Supreme Court's holding in Harris in some cases.  Lentini v. Cal. Center for the Arts, 370 F.3d 837, 847 (9th Cir. 2004).  The Lentini court held that "regardless of whether Harris may continue to have relevance to other Unruh Act suits, no showing of intentional discrimination is required where the Unruh Act violation is premised on an ADA violation."  Id.  The court in Lentini reached this conclusion because the 1992 Unruh Act amendment provided that "a violation of the right of any individual

under the [ADA] of 1990. . . shall also constitute a violation of [the Unruh Act]," and because it was "undisputed that a plaintiff need not show intentional discrimination in order to make out a violation of the ADA."  Thereafter, in <u>Gunther v. Lin</u>, 144 Cal. App. 4th 223, 340 (2007), the California Court of Appeal held that the Ninth Circuit's holding in <u>Lentini</u> was not an accurate statement of California law.

Faced with this conflicting authority, the Ninth Circuit in a later case certified to the California Supreme Court the question of whether a plaintiff claiming the denial of equal treatment on the basis of disability in violation of the Unruh Act, based on an ADA violation, must prove intentional discrimination to obtain damages.  <u>Munson v. Del Taco, Inc</u>, 522 F.3d 997 (9th Cir. 2008), <u>petition for certification filed</u> (April 14, 2008) (No. 06-56208), <u>certification granted</u>, 522 F.3d 997 (June 25, 2008).[1]

The Court recognizes that other district courts in California faced with this issue have declined to exercise supplemental jurisdiction in cases involving state law claims under the Unruh Act.  <u>See</u> <u>Yates v. Union Square</u>, 2008 WL 346418 (N.D. Cal. February 7); <u>Wilson v. PFS, LLC</u>, 493 F. Supp. 2d 1122, 1126 (S.D. Cal. 2007); <u>Oliver v. GMRI, Inc.</u>, 2007 WL 4144995 (S.D. Cal.); <u>Morgan v. American Stores Co.</u>, 2007 WL 1971945 (S.D. Cal.); <u>Pinnock v. Java Depot, Inc.</u>, 2007 WL 2462106 (S.D. Cal.); <u>Pinnock v. Safino Designs, Inc.</u>, 2007 WL 2462107 (S.D. Cal.); <u>Cross v. Pac. Coast</u>

_____

[1]Defendants' request for judicial notice of the procedural history of this case is denied as unnecessary, as is Defendants' request to take judicial notice of published cases or cases available through online legal research services.

United States District Court
For the Northern District of California

1    Plaza Invs, L.P., 2007 WL 951772 (S.D. Cal.).

2         However, it remains within this Court's discretion to accept

3    supplemental jurisdiction despite the disagreement between

4    California and federal courts.  The conflict will be resolved by

5    the California Supreme Court in Munson and, irrespective of whether

6    Plaintiff's Unruh Act claim is in state or federal court, it will

7    be governed by the California Supreme Court's decision.  Because

8    the federal and state claims here derive from a common nucleus of

9    operative facts, it is in the interest of "economy, convenience,

10   fairness and comity" for Plaintiff's state and federal claims to

11   remain in federal court.  Accordingly, the Court will exercise

12   supplemental jurisdiction under § 1367(c)(3) over Plaintiff's state

13   law claims.

14                              CONCLUSION

15        The Court DENIES Defendants' motion and exercises supplemental

16   jurisdiction over Plaintiff's state law claims.

17

18

19        IT IS SO ORDERED.

20

21   Dated:   3/10/09

22                                   CLAUDIA WILKEN
                                     United States District Judge
23

24

25

26

27

28

                                     7